IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD TYSON, # N-61560, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:11-cv-702-MJR |
| | ) |
| GLADYSE TAYLOR, SARAH JOHNSON, and GLENN HOWARD, | ) |
| | ) |
| Defendants. | ) |

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

Plaintiff Richard Tyson, a former inmate in Vienna and Pontiac Correctional Centers, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim

upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff alleges that he was deprived of six months' good-conduct-time credit and spent six months in solitary confinement due to Defendant Howard's failure to provide him with a "full and complete [disciplinary] hearing." On December 11, 2010, Plaintiff allegedly assaulted a fellow inmate while incarcerated at Vienna. Plaintiff claimed he assaulted Inmate Joslin, while three witnesses reported that Plaintiff

assaulted Inmate Carlson.  After an investigation, it was found that Inmate Joslin was not housed at Vienna on December 11, 2010.

On December 22, 2010, the IDOC Adjustment Committee, chaired by Defendant Howard, held a hearing during which Plaintiff had one year's good conduct credit revoked and was moved to segregation for one year.  Plaintiff takes issue with this hearing for two reasons:  (a) he was not allowed to call Inmate Zigler as a witness, and (b) Defendant Howard was not fair and impartial because "he served as one of the complaining Lieutenants on the Summary Report."  Plaintiff's punishment was later reduced by Defendants Johnson and Taylor to revocation of six months' good-conduct credit and six months' segregation based on a grievance Plaintiff filed.

In an attachment to his complaint, Plaintiff also expresses concerns about various conditions of his segregation (rust-colored water, heating system failure, inadequate ventilation, etc.).  Plaintiff requests compensatory damages for violations of his Eighth and Fourteenth Amendment rights.

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Due Process**

    **A – Loss of Good Time Credit**

Plaintiff alleges that Defendants Taylor, Johnson, and Howard violated his due process rights by revoking six months of good-time credit based on a December 22, 2010, disciplinary hearing. At the outset, this Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute – in this case 42 U.S.C. § 1983 – is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus, not a civil rights action, is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody - whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

Plaintiff argues that he has suffered a loss of six months of good-time credit due to the actions of Defendants Taylor, Johnson, and Howard. Such a loss does not implicate a civil right within the scope of 42 U.S.C. § 1983. A loss of good-time credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good-time credit revoked in the disciplinary proceeding.

However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994). Such relief cannot be granted in a civil rights action pursuant to § 1983; thus, this action must be dismissed. *Graham*, 922 F.2d at 381-82. Plaintiff may seek release through a federal habeas petition; however, such an action may only be commenced after Plaintiff has first exhausted his remedies through the Illinois state courts. *See* 28 U.S.C. § 2254(b); *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).

Plaintiff claims that Defendants Taylor, Johnson, and Howard failed to adhere to Ill. Admin. Code tit. 20, § 504.90 (2003), during his December 22, 2010, disciplinary hearing. A federal court, however, does not enforce state law and regulations. *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989). As such, the Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to follow the rules of the Illinois Department of Corrections. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101 *et seq.*, to consider the merits of Plaintiff's claim. Accordingly, Plaintiff's claim seeking damages for loss of good-time credit is dismissed without prejudice to Plaintiff's bringing this claim in a properly filed habeas corpus action, **but only after he has exhausted his state court remedies**.

**B – Transfer to Segregated Housing**

Plaintiff seeks compensatory damages for being put in segregation due to what he alleges was a flawed disciplinary hearing. Continued confinement in administrative detention does not implicate a constitutionally-protected liberty interest. *Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir. 1995). Although Plaintiff is subjected to more burdensome conditions, those conditions are "within the normal limits or range of custody which the conviction has authorized the [government] to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (transfer of inmates to prison with more burdensome conditions of confinement not a violation of due process); *see Sandin v. Conner*, 515 U.S. 472, 477 (1995). It does not constitute a "grievous loss" of liberty, *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972), an atypical and significant hardship on the prisoners generally in relation to the ordinary incidents of prison life, nor a dramatic departure from the basic conditions or duration of the prisoner's sentence. *Sandin*, 515 U.S. at 481-85.

Furthermore, Illinois statutes and correctional regulations do not place limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody; accordingly, there is no liberty interest implicated by an inmate's placement in these forms of segregation. *Williams v. Ramos*, 71 F3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier*, 946 F.2d 1278, 1281-1284 (7th Cir. 1991); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991); *see generally Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Hewitt v. Helms*, 459 U.S. 460 (1983). Plaintiff has no claim for a Fourteenth Amendment violation against Defendants Taylor, Johnson, and Howard for

6

placing him in segregated housing.  Therefore, this claim must be dismissed with prejudice.

**Count 2 – Prison Conditions**

Plaintiff asserts that he was subjected to cruel and unusual punishment due to a variety of unsanitary conditions in segregated housing.  The Eighth Amendment's prohibition on cruel and unusual punishment is made applicable to the states through the Fourteenth Amendment.  It has been a means of improving prison conditions that were constitutionally unacceptable.  *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit "the unnecessary and wanton infliction of pain" and punishment grossly disproportionate to the severity of the crime.  *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Constitution also prohibits punishment that is totally without penological justification.  *Id.* (citing *Gregg*, 428 U.S. at 183).

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation and physical safety.  *Rhodes,* 452 U.S. at 346; *See also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual

punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded the contemporary bounds of decency of a mature civilized society. *Id.* The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component of an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official have a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v.*

*Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Plaintiff's attachments to his complaint state a variety of conditions that could plausibly constitute deprivations of basic human needs. However, Plaintiff fails to state a claim for an Eighth Amendment violation concerning prison conditions for several reasons. First and foremost, Plaintiff does not link any named or unnamed Defendant to these alleged deprivations. Plaintiff's allegations in this regard are conclusory and could not possibly provide notice to any defendants as none are named. Furthermore, it is unclear that Plaintiff even intended to bring an Eighth Amendment claim with regard to these conditions, as they are not mentioned in the body of his complaint, but in a "memorandum of law" attached. Therefore, Plaintiff has failed to state a claim upon which relief may be granted and, thus, this claim shall be dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** fails to state a claim upon which relief may be granted and is **DISMISSED** without prejudice. **COUNT 1B** fails to state a claim upon which relief may be granted and is **DISMISSED** with prejudice. **COUNT 1A** is **DISMISSED** without prejudice to Plaintiff bringing this claim in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

**DATED: July 9, 2012**

> s/ MICHAEL J. REAGAN
> Michael J. Reagan
> United States District Judge